UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | : |
| | : |
| v. | : CN: 05-305 (RBW) |
| | : Hearing Requested |
| Nhan Nguyen | : |
| | : |
| Defendant | : |
| | : |

## DEFENDANT NGUYEN' MOTION AND MEMORANDUM OF LAW REQUESTING ENTRY OF A RELEASE ORDER

Defendant Nhan Nguyen requests, that bond be set in this case or in the alternative set be conditions or combination of conditions to reasonably assure his appearance at future proceedings and prevention of conduct thought to be dangerous to the community.

Mr. Nguyen incorporates all previous documentation and arguments previously submitted to this Honorable Court.

As grounds for this request Defendant states the following:

1. The Defendant is charged with possession with the intent to distribute MDMA in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

2. Mr. Nguyen has been held without bond since his arrest on July 13th of this year.

3. Mr. Nguyen is a longtime resident of Maryland. He is married with one child and another on the way. He has stable full time employment at a family nail salon.

1

4. Mr. Nguyen was on probation for a Fairfax County charge at the time of this alleged incident. However, he had been on that supervision for a number of years without incident. His supervising officer was in the process of requesting an early termination. Accordingly, thus far, Fairfax has elected not to lodge a detainer.

5. All indications are that Mr. Nguyen is neither an unreasonable danger to any individual or the community at large nor an unreasonable risk of flight.

6. Even if the Court were not inclined to grant release on personal recognizance, the following conditions of release are available to the Court to provide additional assurance regarding the safety of the community as well as the appearance of the defendant for any Court proceedings:

    a. Half-way house with Court imposed release conditions: There are any number of local facilities which could house Mr. Nguyen during the pendency of this matter, if the Court would order his release from confinement.

    b. Electronic Monitoring: The defendant could reside with at home and have a phone line available for computerized monitoring.

    c. Home Detention: The defendant will remain at his residence at all times except in order to visit the office of his local attorney, to attend to medical emergencies, and to travel to and from his job as required.

    d. Visitation Prohibitions: No visitors will be permitted except those submitted to and approved by the court. Mr. Nguyen might be permitted to make specific application to the Assistant United States

      Attorney for permission to have additional visitors at a specific time and with notice to Pre-Trial Services.

e. Out of State Travel Prohibited: Mr. Nguyen would be prohibited from leaving the District of Columbia and the metro area.

f. Pretrial Services Supervision: Should Mr. Nguyen violate any of these conditions or if there exist probable course to believe he violated any of these conditions of release, or if he were to commit any federal, state or local crime during this period of release, he would be immediately remanded, and a warrant for his arrest would be issued.

## MEMORANDUM OF LAW

### A. THE RELEVANT LAW

The Supreme Court has state unequivocally:

In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception. <u>United States v. Salerano</u>, 481 U.S. 739, 755, 107 S.Ct. 2095, 2105, 95 L.Ed.2d 697 (1987). If not carefully circumscribed, preventive detention has the potential to seriously undermine the presumption of innocence. <u>United States v. Salerno</u>, supra, 481 U.S. at 763, 107 S.Ct. at 2110 (Marshall, J. dissenting). That is why the legislative history emphasized that the Bail Reform Act applied to only a small and readily identifiable segment of pre-trial criminal defendants. For as Chief Justice Vincent wrote in <u>Stack v. Boyle</u>, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951), "unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." Recently, Judge Vincent L. Broderick,

3

United states District Judge for the Southern District of New York, put the point eloquently:

> Pretrial detention can create- and in many circumstance has created – crisis of mammoth proportions, creating problems for every element of the criminal justice system; those charged with crime; defense counsel; pretrial services and probation officer; judges; prosecutors; marshals; and the Bureau of Prisons. [W]e detain people today who need not be detained – people who pose neither the threat of flight nor threats to the community. Until we develop a more rational approach to the question of pretrial detention …the crisis will continue.

Unfavorable consequences arise from overuse of pretrial detention, among them the following (this is by no means an exhaustive list):

1. Defendants are detained who are never ultimately convicted.

2. Defendants who are incarcerated cannot as effectively assist their counsel in preparing for trial or plea.

3. Where supervision in the community is feasible, the detention of nonviolent defendants who pose risks neither of flight nor a danger to the community may tend to injure rather than to protect society, since possible rehabilitation of the detainees is foregone.

4. Large numbers of pretrial detainees strain the capacity of detention facilities.

5. Defense attorneys often find it difficult or impracticable to travel to detention facilities, to connect with shuttled clients, or to meet

4

>   confidently with clients in detention facilities without fear of eavesdropping.
>
> 6. Transferring pretrial detainees between distant detention facilities and the courthouses strains the facilities of the Marshals Service. Prisoners must be shuttled back and forth at great expense and increased risk of escape. The high cost of pretrial detention, including security protection and transportation, reduces the funds which might otherwise be available for more productive criminal justice efforts.
>
> 7. When lockdowns or headcounts occur in detention facilities courts must without advance notice readjust their often-crowded calendars.
>
> We must never flinch from pretrial detention in situations which call for it – where there are foreseeable risks of flight or of danger to members of the community. But we should not overuse it. Today, we are detaining pretrial many people who will not flee and are not dangerous. Doing this creates a pyramid of problems: it flies in the face of justice. It is time for those who are actively involved in and truly committed to the criminal justice process to make our voices heard.
>
> 57 Federal Probation 4, 5, 7-8 (March 1993) (Footnote in original).

At some point, incarceration without the due process associated with a full-blown criminal trial becomes punitive and violates the due process clause of the fifth

Amendment to the United States Constitution. United States v. Salerno, supra, 481 U.S. at 747, 107 S.Ct. at 2101-02; United States v. Accetturo, 783 F.2d 382, 387-388 (3d Cir. 1986); United States v. Vastola, 652 F.Supp. 1446, 1447-1488 (D.C.N.J. 1987). In Vastola, Judge Brottman wrote:

[A]t some point due process may require a release from pre-trial detention … United States v. Accetturo, 783 F.2d 382, 387-388 (3d Cir. 1986); see also United States v. Claudio, 806 G.2d 334 (2d Cir. 1986). The factors to consider in finding that such a release is required include among others: length of detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has needlessly added to the complexity. Accetturo, 783 F.2d at 388. The length of detention is critical due to the crucial liberty interest at stake. United States v. Suppa, 799 F.2d 115, 120 (3d Cir. 1986) (citation omitted); see also United States v. Perry, 788 G.2d 100, 114 (3d Cir.) cert. denied, _U.S._, 107 S.Ct. 218, 93 L.Ed. 2d 146 (1986)(the grave invasion of the most fundamental of all personal liberties that occurs when preventive detention is ordered).

28 U.S.C. §3142 governs the procedure that must be followed in making the determination as to whether a defendant shall be released or detained pending trial. The Act requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonable assure his appearance as required and the safety of the community. United States v. Gebro, 948 F.2d 1118 (9th Cir. 1991), United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985).

Section 3142(g) of the statute specifies various factors that must be considered in making the determination as to whether conditions of release exist that will reasonably assure the appearance of the person and the safety of the community.  These factors are: (1)the nature and the circumstance of the offense charged; (2) the weight evidence against the person; (3) the history and characteristics of the person including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the defendant was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of [a] sentence; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. §3142(g).  The weight of the evidence is the least important factor.  Gebro, *supra* 948 F.2d at 1121, United States v. Winsor, 785 F.2d 755, 757 (9th. Cir. 1986).

The Bail Reform Act requires that a finding of dangerousness be proved by "clear and convincing" evidence produced by the government.  The clear and convincing evidence requirement imposes a "heavy burden" on the government.  Motamedi, *supra*, 767 F.2d at 1406.  if that burden is not met reasonable bail must be set.  The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention."  United States v. Orta, 760, 760 F.2d 887 (8th Cir. 1985)

Release conditions available include curfews, travel restrictions, reporting requirements, the use of electronic monitoring systems and third party custody.  See 18

U.S.C. 3142; <u>United States v. Traitz</u>, 897 F.2d 322, 326 (3d Cir. 1986); <u>United States v. Ojeda Rios</u>, 846 F.2d 167, 169 (2d cir. 1988).

As stated by the Second Circuit in <u>United States v. Chimurenga</u>, 760 F.2d 400 (2d Cir. 1985):

The clear and convincing evidence with respect to a defendant's danger to the community required by sec. 3142(f)(2)(B) means something more than preponderance of the evidence and something less than beyond a reasonable doubt.  See <u>Addington v. Texas</u>, 441 U.S. 418, 431, 99 S. Ct. 1804, 1812, 60 L.ED.2d 323 (1979).  To find danger to the community under this standard of proof requires that the evidence support such a conclusion **with a high degree of certainty**, 760 F.2d at 405.

In <u>United States v. Dominguez</u>, 783 F.2d 702 (7th cir. 1986), the court vacated the district court's detention order.  The court held:

A defendant cannot be detained as dangerous under sec. 3142 (e), even if the presumption is not rebutted, unless a finding is made that no release conditions will reasonably assure … the safety of the community … .

**That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct.**

The government is put to such a heavy burden, and the Court is required to exercise such severe restraint, because in determining "dangerousness" the Court is called upon to make the most difficult of findings.  As noted by the court in <u>United States v. Perry</u>, 788 f.2d 100 (3rd Cir. 1986):

8

[T]he dangerousness determination involves a prediction of the detainee's likely future behavior. Such prediction explores not the external world of past events but the inner territory of the detainee's intentions. By it's very nature such a prediction is a far more speculative undertaking.

### 1.  ASSESSING THE FACTORS

While this is deemed to be the least significant factor to be weighed in this Court's decision, Gebro, supra 948 F.2d at 1121, it does bear note that the weight of the evidence in this case is anything but overwhelming against Mr. Nguyen.

Other factors which the Court must consider weigh in favor of release. His family ties are "strong", and he is a long time community resident. He has stable employment. There is absolutely nothing to indicate that he would be any risk of flight. His longtime compliance with his conditions of probation also demonstrates that he is not an unreasonable danger.

### 2.  AVAILABLE CONDITIONS OF RELEASE

Mr. Nguyen requests that the Court vacate the order of detention and set reasonable conditions of release pursuant to 18 U.S.C. §3142. Release on personal recognizance with Pretrial Services supervision would be appropriate. However, if the Court were not so inclined, before detaining Mr. Nguyen, it also must consider more restrictive alternatives such as home detention or half-way house placement. In making this request Mr. Nguyen respectfully invites the Court's attention to the mandate of 18 U.S.C. §3142

(C)(B), which requires the implementation of the "least restrictive further condition, or combination of conditions…"

## CONCLUSION

For the foregoing reasons and such other reasons as the Court deems just, Mr. Nguyen respectfully petitions for the entry of a release order. Mr. Nguyen also requests that the Court grant him a hearing on this Motion.

Respectfully submitted,
NHAN NGUYEN
By Counsel

_____/s/_____
IDUS J. DANIEL, JR.
639 I Street N.E.
Washington, DC  20002
(202) 546-5023
Ijdaniel_law@hotmail.com
D.C. Unified Bar No. 405077

_____/s/_____
MATTHEW WARTEL
216 S. Patrick Street
Alexandria, Va. 22314
703-549-0446
D.C. Unified Bar No. 457295

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion was mailed postage prepaid to Assistant U.S. Attorney David P. Cora, Esquire, 555 4th. Street N.W., Washington, DC 20530 this 14th day of September 2005.

_____/s/_____
Matthew Wartel