# Matthew A. Wartel
## Lowe, Carlo, & Wartel, L.L.P.
*Attorneys At Law*

216 South Patrick Street
Alexandria, Virginia 22314
(703) 549 3156 Telephone
(703) 549 0446 Telephone
(703) 549 7701 Facsimile

Member of VA, MD, DC Bars

September 14, 2005

David P. Cora, Esq.
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20001

Re: United States v. Nhan Nguyen
Case #: 05-305 (RBW)

Dear Mr. Cora:

      As you know, I represent Nhan Nguyen in the above referenced case. Thank you for providing me with the discovery packet on August 29, 2005.

      I appreciate your prompt provision of discovery materials. However, it is my general practice to always send out a formal written discovery request. Accordingly, for the record, Mr. Nguyen's request includes, but, is not limited to the following:

      1.    Any written, recorded or oral statements made by the Defendant pursuant to Fed. R. Crim. P. 16(a)(1)(A) and (B).

      2.    Any prior criminal record of the Defendant pursuant to Fed. R. Crim. P. 16(a)(1)(D)

      3.    All documents, photographs and other tangible objects within the possession, custody or control of the Government pursuant to Fed. R. Crim. P. 16(a)(1)(E). If the Government has any color photographs or video, the defense specifically requests disclosure of color versions rather than black and white copies. Moreover, the defense also asks that you make the necessary arrangements including providing any requisite viewing letters so that counsel and the defense investigator may view any tangible evidence without delay.

      4.    All arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. U.S.*, 389 F .2d 911 (9th Cir. 1968); *U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *U.S. v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967).

Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(D) and (E), Fed. R. Crim. P. 26.2 and 12(h); Preservation of rough notes is specifically requested, whether or not the government deems them discoverable at this time;

      5.    All reports of examinations and tests pursuant to Fed. R. Crim. P. 16(a)(1)(F).

      6.    A written summary of the testimony of any expert witness that the Government intends to use at trial including a description of the witnesses' qualifications pursuant to Fed. R. Crim. P. 16(a)(1)(G).

      7.    Notice of intent to use any evidence pursuant to Fed. R. Crim. P. 12(b)(4)
      8.    Designation of all exhibits pursuant to Fed. R. Crim. P. 12(d).
      9.    Notice of intent to offer any evidence pursuant to FRE 902(11).
      10.    Designation of any FRE 404(b) evidence.
      11.    Notice of intent to use any evidence pursuant to FRE 609(b).
      12.    All *Jencks* materials pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

      13.    All exculpatory evidence including any impeachment or *Giglio* material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyles v. Whitley*, 514 U.S. 419 (1995). Specifically, if the prosecution intends to call any federal or state employees including agents or police officers as witnesses, I request that you review their personnel files to determine if any *Brady* material exists. Disciplinary actions for untruthfulness reflect on the witness's credibility. Similarly, if the witness has been disciplined for any reason at all or has a pending disciplinary investigation or action, this information is discoverable because it indicates the bias of the witness in that he would have a motive to fabricate testimony to avoid being placed in a bad light and to avert having his employment terminated. *See U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992). I specifically direct your attention to *United States v. Wood*, 57 F.3d 733 (9th Cir. 1995) which held that the prosecution's failure to turn over information from the FDA's regulatory files that would have contradicted the Government's expert witness was a *Brady* violation.

      14.    All relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the Government is obligated to disclose the identification and location of any percipient informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses. *Roviaro v. U.S.*, 353 U.S. 53 (1957);

      15.    Any other materials that you are willing to provide including police or other investigative reports.

As you know, the Government is to preserve and maintain all relevant notes, reports and recordings prepared by or for the government agents or prosecutors, as well as any document, paper, tangible object, videotapes, dispatch tapes, or any other physical evidence which is now or may hereafter come within the government's possession, the production of which is requested in this letter.

Of course, the term "Government" as used in these requests includes, in addition to the Office of the United States Attorney (the "USAO"), all branches, departments and agencies of the United States Government, including but not limited to the United States Department of Justice, the United States Attorney's Office for all districts, the Federal Bureau of Investigation, the Internal Revenue Service, the Drug Enforcement Administration, and the D.C. Metropolitan Police Department (MPD) among others. Thus, if information or documents covered by these requests is not in the possession of the USAO, but is otherwise in the possession of the Government, these requests call upon the USAO to obtain and produce such information or documents. *See* United States v. Poindexter, 727 F. Supp. 1470, 1478 (D.D.C. 1989).

Thank you for your attention to this matter. If you should have any questions, please do not hesitate to contact me.

                            Sincerely,

                            /S/

                          Matthew Wartel