UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 05-CR-305 (RBW) |
| v. : | |
| : | Judge Reggie B. Walton |
| NHAN NGUYEN, : | |
| : | |
| Defendant. : | |
| _____: | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S NHAN NGUYEN'S MOTION FOR RELEASE ORDER**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to defendant Nhan Nguyen's Motion Requesting Entry of Release Order, and states that said motion should be denied, because it presents no changed circumstances since the Magistrate Judge ordered Defendant held in pretrial detention, it presents no changed circumstances for this Defendant, and because the Pretrial Detention is Warranted for Defendant Charged with Drug Trafficking Crime while on Probation:

**PROCEDURAL BACKGROUND**

Defendant was arrested on probable cause on July, 13, 2005, with his co-defendant, Tommy Nguyen, for a drug charge.[1] On July 14, the complaint was charged, and the Defendant was held on the Government's motion for three day temporary detention. On July 18, 2005, Magistrate Judge Deborah A. Robinson held a detention hearing, and ordered the Defendant held without bond (Docket entry 4).[2] On August 11, 2005, the defendant was indicted for Possession with Intent to Distribute MDMA (Ecstacy), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The statutory maximum term of

---

[1] Tommy Nguyen is also held.

[2] The Government has ordered the transcript expedited.

1

imprisonment for this charge is twenty years. Defendant filed his present motion for release on September 14, 2005.

This motion should be denied without hearing. Because Defendant is charged with a drug trafficking crime for which the term of imprisonment is greater than ten years, there the statutory presumption is that Defendant is a risk of flight and danger to the community, and should be held in pretrial detention. An additional statutory reason for holding Defendant is that he was on probation when he committed the present offense. 18 USC§ 3142(g)(3)(B). Finally, according the pretrial service report, defendant is not a citizen of the United States, and therefore there is a likelihood that he will flee to avoid deportation. Defendant has offered no new evidence and has not identified any reason why Magistrate Judge Robinson's ruling should not stand; no new facts or conditions have been identified which would warrant this defendant's release.

## ARGUMENT

Defendant has failed to overcome the statutory presumption that he poses a risk of flight and danger to the community. 18 U.S.C. §3142(e). Defendant has been indicted for a drug trafficking crime the penalty for which is ten years to life imprisonment. 21 U.S.C. §841(b)(1)(B)(i). The evidence against the defendant is substantial. Defendant's co-defendant, Tommy Nguyen, negotiated with an undercover officer and a special employee for the purchase of 800+ pills of MDMA. Their negotiations showed that the present Defendant was the source of supply, and was savvy enough to demand the money first, and to shield himself from initial negotiations. Nhan Nguyen supplied the sample, and the drugs were seized from his vehicle. Defendant Nhan Nguyen was at the scene of the final negotiations, but stood back, communicating by cell phone. He was arrested on the scene, with his cell phone. The initial guidelines for this offense are a level 26, which requires a 63-78 month term of incarceration. Defendant's criminal history is either a II or III, dictating a greater term of incarceration.

Defendant has demonstrated his dangerousness by committing a dangerous crime, drug trafficking, while on probation. Finally, because he is not a U.S. Citizen, there is a strong likelihood that he would flee and "go underground," to avoid deportation or the detention prior to deportation. Once in flight, defendant would be likely to commit additional crimes to maintain himself.

WHEREFORE, the government requests that the defendant's motion be denied and the defendant continues to be held without bond pending trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

_____
DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 471623
U.S. Attorney's Office
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W.,
Washington, DC 20530
(202) 616-3302   FAX: (202) 353-9414
David.P.Cora@usdoj.gov