UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Cr. No. 05-0305(RBW) |
| | : | |
| NHAN NGUYEN, | : | |
| Defendant | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609. In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1. Defendant is charged with Possession with Intent to Distribute MDMA (Estacy) . Defendant has been previously convicted of: following offenses:

　　Maiming, Fairfax County, Virginia, March 10, 2000, two years incarceration, followed by two years' probation.

Should defendant choose to testify, we seek to use these convictions, pursuant to Fed. R. Evid. 609(a)(1), to impeach him.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Defendant has been convicted Maiming, a felony offence in

Virginia, which was punishable by more than one year of imprisonment. He was released from custody on this offense within the last ten years. This Court should permit the use of that conviction to impeach the defendant because its probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

   3. In Lipscomb, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." Id. at 1062. The charges in this case arise an investigation over the span of approximately two years into illegal narcotics activities conducted by the defendant and his associates. The investigation included Title III interceptions on a co-conspirators's cellular telephone and the government's evidence at trial will include recorded conversations of the defendant and others discussing narcotics related activities, and in some cases the theft of drugs from other drug dealers. The defendant and his co-conspirators often used coded language to avoid detection when discussing their drug related activities. Accordingly, should he choose to testify, the defendant's credibility concerning these conversations will be a central issue. The probative value of the conviction, therefore, is quite high.

   With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using this conviction for impeachment is outweighed by its probative value.

**II. Fed. R. Evid. 609(b).**

   4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from

the confinement imposed for that conviction, whichever is the later date . . ." Here, defendant was released from custody on March 13, 2002, a date within the last ten years. Thus, the conviction may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

                              Respectfully submitted,

                              KENNETH WAINSTEIN
                              United States Attorney

BY: _____
                              DAVID P. CORA
                              Assistant United States Attorney
                              Bar No. 471623
                              555 4th Street, N.W.
                              Washington, D.C. 20007