UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| UNITED STATES OF AMERICA | ] | |
|---|---|---|
| | ] | |
| v. | ] | Cr. No.  05-0305 (RBW) |
| | ] | Next Status Hearing: 11/30/05 |
| NHAN NGUYEN | ] | |

## MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS

COMES NOW the Defendant, NHAN NGUYEN, and, pursuant to Fed. R. Crim. P. 12(b), for his Motion for Disclosure of Confidential Informants, respectfully represents as follows:

1. Mr. Nguyen's indictment charges him with one count of conspiracy to distribute MDMA in violation of 21 U.S.C. § 846.

2. This charge is based upon an alleged transaction involving a confidential informant.

3. The discovery provided by the Government indicates that informant was an active participant in negotiation and execution of the alleged transaction.

4. Therefore, the confidential informant is a crucial potential witness in this case. In order for the defense to effectively prepare for this case, the confidential informant's identity must be revealed without delay.

5. Under these circumstances, withholding the identity of the confidential informant violates the due process requirements of fundamental fairness. *See* Roviaro v. United States, 353 U.S. 53 (1957) (permitting the Government to withhold the identity of the confidential informant was prejudicial error where informer was only witness in a position to amplify or contradict the

Government's evidence).  When, as in this case, the informant actually participated in the crime and his identity is necessary to the defense, disclosure is compelled.  United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir. 1996).  Moreover, the Defendant must be given a reasonable time and opportunity to seek out the informant for a potential interview.  *See*, *e.g*., Renzi v. Commonwealth of Virginia, 794 F.2d 155 (4th Cir. 1986) (failure of prosecution to provide opportunity for defense to find and produce confidential informant violates due process).  The Government cannot respond that the Defendant should know the identity of the informant.  It is the innocent defendant who would not know the identity of a participant informant because that defendant would not have present during the alleged crime.

      6.  Mr. Nguyen respectfully requests that the Court order the Government to disclose the identity of the confidential informant.

      7.  The Government also has an obligation to produce any and all witnesses in its custody for interviews by the defense.  *See*, *e.g*., United States v. Walton, 602 F.2d 1176, 1180 (4th Cir. 1979)  (defense counsel is entitled to hear directly from the witnesses whether they are willing to talk to the defense attorney, either alone or in the presence of their attorney).  Therefore, Mr. Nguyen also requests production of any witnesses in the custody of the Government.

      WHEREFORE, for the reasons stated, and for such other grounds as the Court deems just, Mr. Nguyen respectfully petitions the Court for the relief requested.

      Respectfully submitted,
NHAN NGUYEN
By Counsel

                                               _____/s/_____
                                               IDUS J. DANIEL, JR.
                                               639 I Street
                                               Washington, DC  20002
                                               (202) 546-5023
                                               Ijdaniel_law@hotmail.com
                                               D.C. Unified Bar No. 405077


                                                 _____/s/_____
                                             MATTHEW WARTEL
                                             216 S. Patrick Street
                                             Alexandria, Va. 22314
                                             703-549-0446
                                             D.C. Unified Bar No. 457295


                                                          CERTIFICATE OF SERVICE

     This is to certify that a copy of the foregoing Notice was mailed postage prepaid to Assistant U.S. Attorney David P. Cora, Esquire, 555 4th. Street N.W., Washington, DC  20530 this 4th day of November 2005.


                                                _____/s/_____
                                               Matthew Wartel