UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ] | |
| ] | |
| v. ] | Cr. No. 05-0305 (RBW) |
| ] | Next Status Hearing: 11/30/05 |
| **NHAN NGUYEN** ] | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF DEFENDANT'S PRIOR CONVICTION PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The Defendant, NHAN NGUYEN, by and through his counsel, respectfully submits his opposition to the Government's FRE 609 motion. Due to the prejudicial nature of Mr. Nguyen's prior conviction (maiming), Mr. Nguyen requests that, if he takes the witness stand, cross examination concerning his prior be limited to the mere fact that he has a prior felony conviction rather than its nature. Mr. Nguyen asks the Court to consider the following in support of this request:

1. Mr. Nguyen's indictment charges him with one possession with the intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

2. According to the Government, Mr. Nguyen has a prior felony conviction for maiming. The defense submits that admission of the nature of this prior would be unduly prejudicial. Maiming is a violent offense that does not involve dishonesty or otherwise inherently bear on credibility. Due to public attitudes towards violent offenders particularly in the context of a drug prosecution, the introduction of evidence concerning the nature of this alleged prior would be unfair to Mr. Nguyen.

      3. According to the Government's FRE 609 motion at ¶ 3, there is evidence of Mr. Nguyen's involvement in a conspiracy dating back two years included calls recorded pursuant to a Title III intercept. However, even if taken on their face as true, the discovery materials provided by the Government indicate, at most, only participation in the single transaction on July 13, 2005 which is the subject of the indictment. Moreover, the Government has provided absolutely no discovery material indicating that there are any recorded calls involving Mr. Nguyen.

      4. FRE 609(a)(1) allows for the admission of a prior felony conviction as impeachment only where the "probative value of admitting this evidence outweighs its prejudicial effect to the accused." Here, the probative value of the nature of the alleged prior is slight. Maiming is not a dishonesty crime. Moreover, the alleged conduct is fairly remote in time. The Government's motion indicates that the offense date was March 10, 2000; more than five years before the instant alleged offense. Of course, given the violent nature of the prior, the prejudice is high. *See*, *e.g*., United States v. Grove, 844 F. Supp. 1495, 1497 (D. Utah 1994) (in excluding impeachment based on a violent prior, the court observed: "The defendant's crime of conviction is one of violence. It does not involve deceit or *crimen falsi*. It has very little bearing on defendant's credibility except to suggest that she did a bad and dangerous thing in her past. It does not bear on her credibility as to drug matters or significantly as to carrying or using a firearm in relation to a drug trafficking crime. However, the conviction being for a crime of violence would cast the defendant in a general negative light. It could have the direct tendency to suggest she would carry or use a weapon. Assaultive crimes have a limited utility in assessing credibility."); United States v. Sanders, 964 F.2d 295, 298 (4th Cir. 1992) *quoting* United States v. Beahm, 664 F.2d 414, 419 (4th Cir. 1981) ("where, as here, the offense sought to be admitted

against defendant had little bearing on his propensity to tell the truth, the district court should have recognized that the substantial likelihood of prejudice outweighed the minimal impeachment value of the evidence, and refused to admit the evidence, . . or at the very least limited disclosure to the fact of conviction without revealing its nature.").

WHEREFORE, for the reasons stated, as well as any becoming apparent at a hearing, which is hereby requested, Mr. Nguyen respectfully petitions for the relief sought.

                                            Respectfully Submitted
                                            NHAN NGUYEN
                                            By Counsel

_____/s/_____
Matthew Wartel
216 South Patrick Street
Alexandria, Virginia 22314
(703) 549-3156
VSB # 38964
Counsel for Nhan Nguyen

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Opposition was mailed postage prepaid to Assistant U.S. Attorney David P. Cora, Esquire, 555 4th. Street N.W., Washington, DC 20530 this 11th day of November 2005.

                                            _____/s/_____
                                            Matthew Wartel