**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No.  05-CR-305 (RBW)** |
| v. | : | |
| | : | **Judge Reggie B. Walton** |
| **NHAN NGUYEN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S NHAN NGUYEN'S  MOTION**
**FOR DISCLOSURE OF CONFIDENTIAL INFORMANT**

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, hereby submits its opposition to defendant Nhan Nguyen's Motion For Disclosure

of Confidential Informant, and as grounds states as follows:

Defendant was arrested on probable cause on July 13, 2005, with his co-defendant, Tommy

Nguyen, for Possession with Intent to Distribute MDMA (Ecstacy).  On August 11, 2005, the Grand Jury

indicted the Defendants.  Defendant's codefendant, Tommy Nguyen, pled guilty on November 2, 2005,

and is pending sentencing.

This case arose from facts occurring on July 13, 2005.   A confidential informant had

conversations with Defendant Tommy Nguyen about a purchase of MDMA.  Next, Tommy Nguyen met

with an MPD undercover officer and the confidential informant for negotiations.  After a short series of

meetings, Defendant Tommy Nguyen spoke by cell phone to his co-Defendant, Nhan Nguyen, who was

standing nearby.  The co-Defendants came together, and then  Nhan Nguyen handed Tommy Nguyen an

object, which Tommy then gave to the confidential informant, who displayed it to the undercover officer.[1]

Next, Defendant Nhan Nguyen got into his Acura.  The confidential informant went with the buy money,

---

[1]This object proved to contain MDMA pills.

1

and Tommy, to the Acura.  Inside the Acura, Nhan Nguyen displayed 800+ pills of MDMA.  At the same

time, he and Tommy Nguyen were arrested.

<u>ARGUMENT</u>

The government enjoys a qualified, though "time-honored" privilege to withhold the identity

of its informants from criminal defendants. *Roviaro v. United States*, 353 U.S. 53 (1957); *United*

*States v. Brodie*, 871 F.2d 125, 128 (D.C. Cir. 1989). Thus, in making the determination whether

disclosure of a witness' identity to a defendant is necessary, the Court must balance the public's

interest in law enforcement and protecting the informant's identity against the defendant's right to

prepare a defense. *Roviaro*, 353 U.S. 53, 62; *United States v. Warren*, 42 F.3d 647, 654 (D.C. Cir.

1994). The defendant bears the heavy burden of proving that disclosure of the informant's identity

is necessary and relevant to the defense. *Warren*, 42 F.3d at 654; *United States v. Staufer*, 38 F.3d

1103, 1109 (9th Cir. 1994); *United States v. Khosravi*, 733 F. Supp. 137, 138 (D.D.C. 1990). More

specifically, the defendant must allege how the informant will help establish his or her innocence;

mere conclusory or speculative pleadings will not suffice. *United States v. Skeen*, 449 F.2d. 1066,

1071 (D.C. Cir. 1971). Defendant has failed to make out the required specificity here.

The disclosure of the informant's name, to the extent that the defendant does not already

know it, would expose the informant to danger in the violent drug community. The informant's

identity is therefore being withheld for the informant's safety. Courts will not order disclosure where

disclosure will place an informant in personal danger and the prospective testimony is not

exculpatory. *United States v. Pelton*, 578 F.2d 701, 707-08 (8th Cir. 1978). There is nothing

exculpatory about the prospective testimony of any informant. The government will, of course,

supply defense counsel at the appropriate time with all information, if any, relevant to

cross-examination of an informant, consistent with its obligations under *Brady* and *Giglio*.

With respect to the identity of the cooperating informant who may have participated in the transaction with the defendant, the defendant is likely already aware of his identity. To the extent that the Defendant is not aware of the identity of the informant, his reliance on *Roviaro* to secure this disclosure is misplaced. *Roviaro* arose out of a situation in which the informant who participated in the charged offense was neither made available to the defendant nor testified at trial.

In the instant case, if the participating informant does not testify at trial, the government will make that informant available to the defendant at his request. *See, e.g., United States v. Foster*, 815 F.2d 1200, 1202-03 (8th Cir. 1987) (denial of defendant's motion to disclose informant's identity proper where informant testified at trial and was subject to cross-examination); *see also United States v. Edwards*, 47 F.3d 841, 843-44 (7th Cir. 1995) (no disclosure of identity required until immediately before testimony because witness faced substantial danger and defendant was not prejudiced).

**WHEREFORE** the United States respectfully submits, that as set out above, Defendant's motion in this matter should be denied, with the understanding that the Government will either call

the informant in its case-in-chief, or produce the informant at its office for an interview, at a time

determined either by agreement of the parties, or by order of Court.


Respectfully submitted,


KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____

DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY
Fla. Bar No. 471623
U.S. Attorney's Office
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W.,
Washington, DC 20530
(202) 616-3302   FAX:  (202) 353-9414
David.P.Cora@usdoj.gov