UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ] | |
| ] | |
| v.    ] | **Cr. No.  05-0305 (RBW)** |
| ] | **Sentencing: 4/28/06** |
| **NHAN NGUYEN** ] | |

## DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

COMES NOW the Defendant, NHAN NGUYEN, and, respectfully submits his motion for a downward departure.  In support of this Motion, Mr. Nguyen, respectfully represents as follows:

1. On February 10, 2006, Mr. Nguyen pled guilty one count of conspiracy to distribute MDMA in violation of 21 U.S.C. § 846.

2. Consistent with the stipulations regarding sentencing factors contained in Mr. Nguyen's plea agreement, the Presentence Report (hereinafter "the Report") indicates that the applicable guideline range is 46 to 57 months.

3. Pursuant to ¶ 10 of the plea agreement, Mr. Nguyen also expressly reserved the right to seek the following two downward departures: 1) that the criminal history computation substantially overstates the serious of his record and 2) that Mr. Nguyen's alien status will result in an increase in severity of his conditions of confinement sufficient to justify a downward departure.  Mr. Nguyen now brings this motion to seeking those departures.

4. Mr. Nguyen's prior record consists of two charges: 1) a 1996 DWI and 2) a 1999 malicious wounding.  He received one criminal history point for the DWI charge.  Report ¶ 24. The malicious wounding brought three points.  Report ¶ 25.  Mr. Nguyen also received an

additional two points for being on supervision for the wounding charge when he committed the instant offense to bring his total to six.  Report ¶ 28.

However, it should be noted that prior to the commission of the instant offense, Mr. Nguyen's supervising probation officer had put in a request for an early termination based on his roughly three years of good conduct.  It just happened that the request had yet to be signed off on by his sentencing court.  But, it very easily could have been the reverse and the points would not have been assessed.  Thus, given that the probation office had considered Mr. Nguyen's supervision essentially over, it overstates his criminal history to assess points for being under a criminal justice sentence.

Even after removing these two points, the DWI offense still pushes Mr. Nguyen into Category III.  Nevertheless, the DWI was a misdemeanor that resulted in only a probation before judgment disposition and occurred nearly ten years before the commission of the instant offense.  Thus, use of this offense to increase Mr. Nguyen's criminal history also significantly overstates his criminal history.

Accordingly, pursuant to U.S.S.G. 4A1.3(b), Mr. Nguyen seeks a downward departure of his criminal history by one category to a II.  Using the applicable offense level of 21, results in an adjusted range of 41 to 51 months.

5.  Moreover, as the Report points out, based upon his alien status, Mr. Nguyen will be denied by the Bureau of Prisons the opportunity to serve as much as the last six months of his sentence in either a halfway house or home confinement.  Report ¶¶ 79-80.  The D.C. Circuit has expressly approved of downward departures on this basis.  United States v. Smith, 27 F.3d 649 (D.C. Circ. 1999).  Therefore, Mr. Nguyen seeks an additional six-month downward departure.  That would bring his low-end down to 35 months.  A sentence of 35 months would be

appropriate in the circumstances of this case pursuant to the factors set forth in 18 U.S.C. § 3553(a) particularly given that his co-defendant Tommy Nguyen, who was substantially more culpable, received 37 months.  *See also* United States v. Booker, 125 S. Ct. 738 (U.S. January 12, 2005).

      WHEREFORE, for the reasons stated, and for such other grounds as the Court deems just, Mr. Nguyen respectfully petitions the Court for the relief requested.

                      Respectfully submitted,
                      NHAN NGUYEN
                      By Counsel

                      _____/s/_____
                      IDUS J. DANIEL, JR.
                      639 I Street
                      Washington, DC  20002
                      (202) 546-5023
                      Ijdaniel_law@hotmail.com
                      D.C. Unified Bar No. 405077

                      _____/s/_____
                      MATTHEW WARTEL
                      216 S. Patrick Street
                      Alexandria, Va. 22314
                      703-549-0446
                      D.C. Unified Bar No. 457295

CERTIFICATE OF SERVICE

     This is to certify that a copy of the foregoing Notice was mailed postage prepaid to Assistant U.S. Attorney David P. Cora, Esquire, 555 4th. Street N.W., Washington, DC 20530 this 25th day of April 2005.

                                                                                                           _____/s/_____
                                                                                                           Matthew Wartel

Case 1:05-cr-00305-RBW    Document 41    Filed 04/26/2006    Page 4 of 4